# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2716
_____

United States of America

*Plaintiff - Appellee*

v.

Eagle Wind Lajeunesse

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: June 8, 2026
Filed: August 4, 2026
[Unpublished]
_____

Before COLLOTON, Chief Judge, ARNOLD and GRASZ, Circuit Judges.
_____

PER CURIAM.

Eagle Wind Lajeunesse pled guilty to one count of abusive sexual contact and was sentenced to 120 months of imprisonment followed by a lifetime term of supervised release. Since being released from prison, Lajeunesse has violated the conditions of his supervised release four times. Most recently, Lajeunesse violated his release conditions by entering a private residence without permission, having

unsupervised contact with minors, and lying to his probation officer about the unsupervised contact. For this violation, the applicable Sentencing Guidelines range was 5 to 11 months of imprisonment. The district court[1] varied upward and imposed a revocation sentence of 36 months of imprisonment. Lajeunesse appeals, arguing the sentence was substantively unreasonable. We affirm.

We review a district court's revocation sentence for abuse of discretion. *United States v. Elbert*, 20 F.4th 413, 416 (8th Cir. 2021). A district court abuses its discretion when, in considering the applicable 18 U.S.C. § 3553(a) factors, "it . . . gives significant weight to an improper or irrelevant factor." *United States v. McGhee*, 869 F.3d 703, 706 (8th Cir. 2017) (quoting *United States v. Miller*, 557 F.3d 910, 917 (8th Cir. 2009)).

Lajeunesse first argues the district court's upward variance was improper because his violation involved teenagers, not young children. We disagree. Lajeunesse's release conditions prohibit unauthorized contact with any minors, no matter their age. Thus, Lajeunesse violated his supervised release conditions, regardless of the age of the minors. We previously upheld Lajeunesse's third revocation sentence of 36 months of imprisonment for a similar violation involving minors. *See United States v. Lajeunesse*, No. 22-1365, 2022 WL 11485476, at *2 (8th Cir. Oct. 20, 2022). And "we have repeatedly stated that variances are appropriate based on repeated violations of supervised release . . . ." *United States v. Hall*, 931 F.3d 694, 698 (8th Cir. 2019). So the district court did not abuse its discretion when it varied upward based on Lajeunesse's repeated violations of his supervised release.

Lajeunesse next argues the district court based the upward variance on an improper factor, his original offense. We disagree. As the district court explained, Lajeunesse has an extensive history of violating the conditions of his supervised

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

release and the nature of the current offense warranted an upward variance. The record confirms Lajeunesse's repeated violations of his release terms. The district court based its sentencing on Lajeunesse's violations, not his original offense. As a result, the district court did not abuse its discretion when considering these factors for imposing an upward variance. *See* § 3553(a)(1).

We affirm the district court's judgment.

_____